UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ABBY WILMOTH, | Case No. 18-CV-2504 (NEB/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| WARDEN NANETTE BARNES, | |
| Respondent. | |

---

Petitioner Abby Wilmoth pleaded guilty to several drug and drug-conspiracy offenses in the United States District Court for the Western District of North Carolina and given a 120-month term of imprisonment, the applicable statutory minimum for the offenses. *See United States v. Wilmoth*, No. 5:13-CR-0053 (9) (MOC/DCK) (W.D.N.C.). Wilmoth's convictions and sentence were affirmed on appeal. *See United States v. Wilmoth*, 668 Fed. App'x 455 (4th Cir. 2016) (per curiam). Wilmoth has never sought relief under 28 U.S.C. § 2255 from her sentence.

Recently, Wilmoth filed a petition for a writ of habeas corpus in this District challenging her sentence on the ground that she had been denied "due process." Petition at 6 [ECF No. 1]. Nowhere, however, did the petition explain *how* Wilmoth's due-process rights were violated. Similarly, Wilmoth claimed that she was entitled to relief due to a recent change in law, but she did not specify how the law had changed in her favor. This Court therefore ordered Wilmoth to expand on her petition and clarify the basis upon which she sought habeas corpus relief.

1

Wilmoth has now responded to this Court's prior order. Wilmoth's claim is ultimately founded on *United States v. Stoddard*, in which the United States Court of Appeals, District of Columbia Circuit concluded that the mandatory-minimum sentence for a drug defendant must be based on *individualized* findings as to the quantity of drugs for which the defendant is responsible, not *conspiracy-wide* findings.[1] 892 F.3d 1203, 1218-22 (D.C. Cir. 2018). According to Wilmoth, her claim under *Stoddard* cannot be raised in a motion pursuant to 28 U.S.C. § 2255 in the Western District of North Carolina. And because relief under § 2255 is not available to her for her *Stoddard* claim, argues Wilmoth, she may seek relief through a petition for a writ of habeas corpus in the district where she is incarcerated.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to her original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of her detention. *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805

---

[1] Wilmoth also cites the Supreme Court's recent decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), as a basis for relief, but *Dimaya* does not appear relevant to the substance of her claim.

F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is often referred to as the "savings clause."  *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the Eighth Circuit Court of Appeals has set forth the exact contours of the savings clause.  It is clear, however, that the savings clause applies very narrowly.  For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition."  *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive."  *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).  At a minimum, the petitioner seeking to invoke the savings clause must show that she "had no earlier procedural opportunity to present [her] claims."  *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255."). Some, though not all, circuits have concluded that habeas corpus relief is appropriate where — as Wilmoth argues is the case here — the petitioner relies on a new rule of statutory law made retroactive to cases on collateral review.  *See United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018); *Harrington v. Ormond*, 900 F.3d 246, 249 (6th Cir. 2018); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 251-52 (3d Cir. 1997); *but see McCarthan v. Director of Goodwill*

3

*Industries–Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc) (rejecting prior savings-clause jurisprudence); *Prost v. Anderson*, 636 F.3d 578, 589 (10th Cir. 2011).

Wilmoth faces two insuperable barriers to habeas corpus relief. First, even in those circuits that have found that a petition for a writ of habeas corpus may be used to bring a claim based on a new rule of statutory law, this relief is available only where a motion brought by the prisoner under § 2255 would be deemed "second or successive" for purposes of § 2255(h). This is because § 2255(h) permits circuit courts to authorize motions based on new rules of *constitutional* law, but not motions based on new rules of *statutory* law. *See* 28 U.S.C. § 2255(h)(2). But § 2255(h) is irrelevant to Wilmoth's claim, as she has never sought relief from her sentence in the Western District of North Carolina under § 2255. And nothing in § 2255 precludes prisoners from raising new statutory claims in a *first* motion under that provision. *Cf.* 28 U.S.C. § 2255(f)(3) (expanding the limitations period for claims based on rights made retroactively applicable to cases on collateral review, with no limitation to constitutional claims). Thus, the fact that *Stoddard* might have created a new rule of statutory law is not enough basis by itself for Wilmoth to seek relief via habeas corpus rather than under § 2255.

Second, even assuming that *Stoddard* created a new rule of law in the D.C. Circuit, the rule of *Stoddard* is not new as far as Wilmoth is concerned. Wilmoth pleaded guilty in the Western District of North Carolina, which is located within the Fourth Circuit, not the D.C. Circuit. And the rule announced in *Stoddard* has been applicable in the Fourth Circuit since long before Wilmoth pleaded guilty. *See United States v. Rangel*, 781 F.3d 736, 742-43 (4th Cir. 2015); *United States v. Collins*, 415 F.3d 304,

313-14 (4th Cir. 2005).  Any claim based on that rule therefore could have been raised by Wilmoth on direct appeal.  Nothing about Wilmoth's situation changed with *Stoddard*.

Wilmoth has not justified her invocation of the savings clause.  The Court therefore lacks jurisdiction over her petition, which must be dismissed without prejudice.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this matter be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Dated: October 29, 2018

*s/David T. Schultz*
David T. Schultz
United States Magistrate Judge

## **NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).